(No. 4079—

IRVING S. HOCHSTADTER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 24, 1949.*

Claimant, Pro Se.

HON. IVAN A. ELLIOTT, Attorney General; HON. ARCHIE BERNSTEIN, Assistant Attorney General, for Respondent.

ECKERT, C. J.

On February 5, 1947, the commanding officer, First Infantry, Illinois Reserve Militia, was allotted the sum of $5,000.00 for active duty pay for officers and enlisted men in connection with the muster-out of the First Infantry, Illinois Reserve Militia, on or before March 31, 1947. This allotment was for administration of the muster-out and the packing, shipping, and return of all mili-

tary property, except vehicles, to Springfield, Illinois. The pay for a corporal was at the rate of $4.35 per day.

Pay roll certification for personnel of the First Infantry, Illinois Reserve Militia, was submitted by the commanding officer, First Infantry, on March 21, 1947, and the name of the claimant, Corporal Irving S. Hochstadter, was certified for two days pay in the grade of corporal, being a total of $8.70. This pay roll certification was in error as to the time during which the claimant was in service. He had, in fact, been employed by Captain Maurice Lepavsky, supply officer, First Infantry, Illinois Reserve Militia, for thirty-three nights, from 6 P.M. to midnight, during the period of February 6, 1947 to March 27, 1947. For this service, he was entitled to $4.35 per night, or a total of $143.55.

The claimant was diligent in the protection of his rights, and submitted a letter to the Military and Naval Department of the respondent on May 24, 1947, asking that the records be checked and that he be paid the balance due him. The Military and Naval Department thereafter spent considerable time in determining the correctness of the claim, and it was only after September 30, 1947, when the appropriation for the biennium had lapsed, that the Department discovered the error in the pay roll certification.

The claimant has rendered services to the State on the order of an officer authorized to contract for such services, and has been diligent in seeking payment therefor. Due to no fault or negligence of the claimant, his claim was not approved and vouchered for payment before lapse of the appropriation from which it was payable. Claimant is therefore entitled to an award in the sum of $143.55, less the sum of $8.70 previously paid to him, or the sum of $134.85.

An award is therefore entered in favor of the claimant, Irving S. Hochstadter, in the amount of $134.85.